UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| WALTER HARRIS,<br><br>                    Plaintiff,<br>    v.<br><br>BRION D. TRAVIS, individually and in his former capacity as Chairman of New York State Board of Parole**,** MARIETTA GAILOR, individually and in her capacity as a Commissioner of New York State Board of Parole, and KEVIN G. LUDLOW, individually and in his capacity as a Commissioner of New York State Board of Parole,<br><br>                    Defendants. | **DECISION**<br>**and**<br>**ORDER**<br>----------------<br>**REPORT**<br>**and**<br>**RECOMMENDATION**<br><br>04-CV-911A(F) |

_____

APPEARANCES:      WALTER HARRIS, *Pro se*
                            Hudson Correctional Facility
                            P.O. Box 576
                            Hudson, New York 12534

                            ANDREW M. CUOMO
                            ATTORNEY GENERAL, STATE OF NEW YORK
                            Attorney for Defendants
                            STEPHEN F. GAWLIK
                            Assistant Attorney General, of Counsel
                            107 Delaware Avenue, Fourth Floor
                            Buffalo, New York 14202

## **JURISDICTION**

      The following matter was referred to the undersigned by the Honorable Richard J. Arcara on April 9, 2007 and is presently before the court on Defendants' motion to dismiss filed May 3, 2006 (Doc. No. 9), and Plaintiff's motion to supplement filed

January 16, 2007 (Doc. No. 14).[1]

## **BACKGROUND AND FACTS**[2]

Plaintiff, Walter Harris ("Plaintiff"), was committed to the New York State Department of Corrections on December 9, 1980, based on a conviction for Murder in the Second Degree, Manslaughter in the First Degree and Robbery in the First and Second Degree with a sentence of concurrent terms of imprisonment of 15 years to life. Plaintiff's convictions arose from an assault and robbery of an elderly couple in their home by Plaintiff and an accomplice resulting in the death of one victim and confinement to a nursing home of the other. Since Plaintiff's incarceration commenced, Plaintiff has appeared, between December 1994 and December 2002, before the New York State Board of Parole ("Parole Board") on five occasions.

On November 17, 2004, Plaintiff commenced this 42 U.S.C. § 1983 ("§ 1983") action against Defendant Travis ("Travis"), individually and in his former official capacity as Chairman of the Parole Board, Defendant Gailor ("Gailor"), individually and in her official capacity as a Commissioner of the Parole Board, and Defendant Ludlow[3] ("Ludlow"), individually and in his official capacity as a Commissioner of the Parole Board ("Defendants"), alleging Defendants' decision to deny Plaintiff parole violated the Due Process and Equal Protection Clauses of the United States and New York State

---

[1] Although Defendant's motion to dismiss is dispositive and Plaintiff's motion to supplement is non-dispositive, both motions are addressed together in the interest of judicial economy.

[2] Taken from the pleadings and papers filed in this action.

[3] To date, there has been no service of process on Ludlow, and Plaintiff has not sought an order directing the United States Marshals Service effect service on Ludlow.

Constitutions. Specifically, Plaintiff claims Gailor and Ludlow deliberately, intentionally, maliciously and knowingly failed to exercise their duty under New York law in denying Plaintiff parole on December 11, 2002 and that Travis (1) allowed a policy or custom under which unconstitutional practices occurred and allowed such policy or custom to continue, thereby exhibiting a deliberate indifference to Plaintiff's rights under New York law; (2) acted with gross negligence in managing Gailor and Ludlow who caused unlawful conditions and events to impair Plaintiff's right to parole, contravening duties under state law; and (3) failed to act on information indicating Plaintiff was being subjected to unconstitutional acts by Gailor and Ludlow.

Plaintiff seeks declaratory relief that Defendants violated Plaintiff's rights as alleged. Plaintiff also seeks injunctive relief ordering a *de novo* parole hearing on Plaintiff's eligibility for parole before a new Parole Board with different commissioners than those who denied parole in December 2002,[4] prohibiting Defendants from retaliating or transferring Plaintiff to any other institution without his consent and removing from Plaintiff's parole file references to the events alleged in the Complaint.

On May 3, 2006, Defendants filed the instant motion, pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 9) ("Defendants' Motion"), along with a memorandum in support (Doc. No. 10) ("Defendants' Memorandum"). In opposition to Defendants' Motion, Plaintiff filed, on July 6, 2006, a motion to supplement the Complaint ("Plaintiff's Motion") (Doc. No. 13), a memorandum in support ("Plaintiff's Memorandum") and a memorandum of law ("Plaintiff's Response") (Doc. 14). In

---

[4] A subsequent parole hearing on January 25, 2005 was comprised of three, not two, different Parole Board Commissioners as Plaintiff requested in the Complaint, whom Plaintiff seeks to add as Defendants.

opposition, Defendants filed, on February 23, 2007, a response ("Defendants' Response") (Doc. No. 17). Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion should be GRANTED and Plaintiff's Motion is DENIED.

## DISCUSSION

**1.    Motion to Dismiss**

    **A.    Due Process**

On a motion to dismiss for failure to state a claim, the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Village Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808 (1996); *Hill v. City of New York*, 45 F.3d 653, 657 (2d Cir. 1995). The court is required to read the complaint with great generosity on a motion to dismiss. *Yoder v. Orthomolecular Nutrition Institute*, 751 F.2d 555, 558 (2d Cir. 1985). A complaint may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The issue is not whether a plaintiff is likely to ultimately prevail, "'but whether the claimant is entitled to offer evidence in support of the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" *Weisman v.*

*LeLandais*, 532 F.2d 308, 311 (2d Cir. 1976) (quoting *Scheuer*, 416 U.S. at 236).

Plaintiff asserts numerous claims, essentially alleging Defendants violated Plaintiff's due process and equal protection rights guaranteed by the Fourteenth Amendment and under Article 1, §§ 6 and 11 of the New York constitution.[5]

Plaintiff argues that he was unlawfully denied parole, based on a policy to deny parole to all violent felony offenders. New York Executive Law § 259-i governs the procedures and conduct of the state parole board. In relevant part, section 259-i states

> Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law. In making the parole release decision, the guidelines ... shall require that the following be considered: (i) the institutional record including program goals and accomplishments, academic achievements, vocational education, training or work assignments, therapy and interpersonal relationships with staff and inmates; (ii) performance, if any, as a participant in a temporary release program; (iii) release plans including community resources, employment, education and training and support services available to the inmate; (iv) [issues related to deportation]; and (v) any statement made to the board by the crime victim

---

[5] Particularly, Plaintiff asserts violations based on Defendants' (1) determining that the seriousness of his crime precludes parole release; (2) failing to explain why Plaintiff's co-defendant from the underlying conviction was granted parole and Plaintiff was denied parole; (3) failing to take into account Plaintiff's institutional record; (4) failing to find there was less than a reasonable probability that Plaintiff would violate parole if released; (5) failing to find Plaintiff's release would undermine respect for the law or was incompatible with the welfare of society; (6) acting in bad faith; (7) forcing Plaintiff to serve two years more than the average inmate convicted of murder; (8) failing to acknowledge murder offenders have the lowest recidivism rate; (9) knowingly treating Plaintiff differently than other violent felony offenders; (10) releasing other violent felony offenders with worse criminal records than Plaintiff; (11) violating Plaintiff's statutory right, under N.Y. Exec. Law § 259-r (McKinney's 2006), to be treated equally with inmates to whom he is similarly situated; (12) failing to act upon Plaintiff's complaint alleging unconstitutional action taking place; and (13) negligently managing subordinates who caused unlawful conditions and events diminishing Plaintiff's chances for parole.

>or the victim's representative.

New York Executive Law § 259-i(2)(c)(A) (McKinney's 2006) (" § 259-i").

The decision whether, pursuant to § 259-i, to release a prisoner is a matter committed to the discretion of the Parole Board and does not create a federal constitutional entitlement to release on parole. *Barna v. Travis*, 239 F.3d 169, 170-171 (2d Cir. 2001) (citing *Boothe v. Hammock*, 605 F.2d 661, 663-664  (2d Cir. 1979)). Inmate allegations challenging the state parole procedures do not state a claim for a violation of federal due process rights because § 259-i does not create interests entitled to procedural due process protection under the Fourteenth Amendment. *Paunetto v. Hammock*, 516 F.Supp. 1367, 1368 (S.D.N.Y. 1981). "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." *Barna,* 239 F.3d 169, 170. "The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Id*. at 171. Thus, there is no entitlement to release based on a parole board's application of the factors specified in § 259-i. *Id*. at 170. Rather, based on state law, the Parole Board has discretion in making release determinations. *Id*. It is therefore settled law that New York prisoners have no cognizable liberty interest in obtaining parole, and, as such, "the protections of the Due Process Clause are inapplicable" as to the denial of parole by the Parole Board.  *Barna*, 239 F.3d at 171. Plaintiff's federal due process claims are, accordingly, without merit, and Defendants' Motion should be GRANTED on this claim.

### B.     Equal Protection

Plaintiff also alleges a federal equal protection claim based on Defendants'

repeated denial of parole to Plaintiff. Under the Equal Protection Clause, "all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, a plaintiff must prove that "(a) the person, compared with others similarly situated, was selectively treated; and (b) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Giordano v. City of New York*, 274 F.3d 740, 750-51 (2d Cir. 2001) (quoting *Lisa's Party City, Inc. v. Town of Henrietta*, 185 F.3d 12, 16 (2d Cir. 1999)).

Granting parole discretionarily as between violent and nonviolent prisoners, as Plaintiff alleges, is presumed constitutional, and need only be rationally related to a legitimate state interest. *Benjamin v. Jacobson*, 172 F.3d 144, 165 (2d Cir. 1999) (*en banc*) (citing *Heller v. Doe*, 509 U.S. 312, 319-20 (1993)). Even if parole is granted to inmates with objectively similar, or even worse, criminal records than another inmate for whom parole is denied at the same time and without any stated reasons to support the different determination, that parole was denied does not support an equal protection claim, absent any allegation of intentional disparate treatment singularly targeting the plaintiff. *Manley v. Thomas*, 265 F.Supp.2d 363, 365-66 (S.D.N.Y. 2003), *reconsideration denied*, 265 F.Supp.2d 363 (S.D.N.Y. 2003). Additionally, a parole board's denial of parole resulting from political pressure to "get tough on violent felony offenders," is based on a permissible consideration and does not violate a prisoner's federal equal protection rights, absent any claim that the denial was based on race, religion, or intent to punish or inhibit the exercise of constitutional rights, or malicious or

bad faith intent to injure a person. *Seltzer v. Thomas*, 2003 WL 21744084 at * 4 (S.D.N.Y. July 29, 2003); see also *Blackett v. Thomas*, 293 F.Supp.2d 317, 320 (S.D.N.Y. 2003) (holding denial of parole does not violate equal protection rights, even if parole denial was the result of "political pressure" on the part of the state governor, who had allegedly conducted an "overt and covert campaign to eliminate parole for all so-called 'violent felony offenders'").

Moreover, with regard to a § 1983 claim based on the denial of parole, prisoners, like Plaintiff, are not considered a suspect class under the equal protection clause, *Lee v. Governor of State of New York*, 87 F.3d 55, 60 (2d Cir.1996), and Plaintiff does not claim that a fundamental personal right was violated in Defendants' denial of parole to Plaintiff. Significantly, in the instant motion, Plaintiff makes no allegations that Defendants denied Plaintiff parole based on race or any other impermissible characteristic or suspect classification. As such, Plaintiff's federal equal protection claim is without merit, and Defendants' Motion should be GRANTED as to this claim.

## C.     Supplemental Jurisdiction Over Plaintiff's State-Law Claims

As noted, Plaintiff also alleges several claims based on violations of New York state statutes applicable to parole and under provisions of the state constitution. Facts, *supra*, at 3. District courts have supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction as to other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Nonetheless, a court may decline to exercise supplemental jurisdiction over state-law claims where (1) the court has dismissed all claims over which it has original

jurisdiction, or (2) in exceptional circumstances where there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(2)(3). The Second Circuit has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir. 1993) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).[6] In the instant case, as the court finds that Plaintiff's federal due process and equal protection claims should be dismissed, the court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. Accordingly, Plaintiff's state-law claims should be DISMISSED without prejudice.

**2.     Motion to Supplement**

In addition to the currently named Defendants, Plaintiff seeks to add Robert Dennison ("Dennison"), individually and in his official capacity as Chairman of the Parole Board, Daizze D. Bouey ("Bouey"), individually and in her former official capacity as a commissioner of the Parole Board, Ileana Rodriguez ("Rodriguez"), individually and in her former official capacity as a commissioner of the Parole Board, and R. Guy Vizzie ("Vizzie"), individually and in his former official capacity as a commissioner of the Parole Board ("Proposed Defendants"), based on Plaintiff's parole denial by the Proposed Defendants on January 25, 2005.[7] Plaintiff argues, in support of his motion, that the

---

[6] Because Plaintiff's federal claim should be dismissed for failing to state a claim, it is unnecessary to address Defendants' alternative grounds for dismissal including judicial immunity, mootness, and lack of personal involvement by Defendants.

[7] Plaintiff's Memorandum states that Bouey, Rodriguez, and Vizzie are no longer members of the Parole Board. Plaintiff's Memorandum at 2.

supplement alleges the same violations of his rights to federal due process and equal protection as asserted in the Complaint, and, although the alleged misconduct by the Proposed Defendants occurred later, such alleged later misconduct was part of the same pattern of violations as alleged in the Complaint. In opposition, Defendants contend that Plaintiff's proposed supplement is futile because, *inter alia*, there is no federal due process or equal protection right to parole and, as to Dennison, as with Travis, no personal involvement by Dennison in the Parole Board's decision to deny Plaintiff parole is alleged by Plaintiff and, as to Bouey, Rodriguez, and Vizzie, like Gailor and Ludlow, Parole Board commissioners are immune from suit under § 1983 based on their parole determinations.

A motion to plead events that have occurred since the date of the party's most recent pleading "is technically categorized under [Fed.R.Civ.P.] 15(d) ['Supplemental Pleadings'] as opposed to Rule 15(a) ['Amendments']." *Flaherty v. Lang*, 199 F.3d 607, 614 (2d Cir. 1999) (bracketed material added). Federal Rule of Civil Procedure 15(d) states

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

The same standard applicable to a Rule 15(a) motion is applicable to a Rule 15(d) motion. *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (Rule 15(a) standard

applicable to a Rule 15(d) motion to supplement).

The initial consideration for the court is whether the proposed supplemental facts connect the supplemental information to the original pleading. *Weeks v. New York State*, 273 F.3d 76, 88 (2d Cir. 2001). If there is a relationship, then a motion to supplement should be treated with the same standard as a motion to amend, and be "freely permitted" absent "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 181 (1962) (holding an amended pleading may be filed pursuant to Rule 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile). A determination that a proposed pleading is futile is made under the same standards that govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *A.V. By Versace, Inc. v. Gianni Versace, S.P.A.*, 160 F.Supp.2d 657, 666 (S.D.N.Y. 2001). An amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Coniglio v. The Andersons, Inc.*, 2004 WL 1228393, * 2 (June 3, 2004 W.D.N.Y.) (quoting *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)). Moreover, where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied. *Bonner v. Elizabeth Arden, Inc.*, 177 F.2d 703, 705 (2d Cir. 1949).

In Plaintiff's Motion, Plaintiff claims identical violations against Bouey, Rodriguez, and Vizzie as those alleged against Gailor and Ludlow, in that the Proposed Defendants failed to properly apply statutory standards for discretionary parole under New York Executive Law § 259-i (McKinney's 2006) ("§ 259-i"), and Plaintiff's proposed

claims against Dennison mirror those alleged against Travis in that Dennison allowed an alleged unconstitutional policy or custom to continue. As discussed (Discussion, *supra*), Plaintiff's federal and state claims are subject to dismissal. Therefore, as Plaintiff's Motion is futile, it is DENIED.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion (Doc. No. 9) should be GRANTED; Plaintiff's Motion (Doc. No. 14) is DENIED, and the Clerk of Court directed to close the file.

SO ORDERED
as to Plaintiff's Motion.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted
as to Defendants' Motion.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 7, 2007
         Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   May 7, 2007
         Buffalo, New York